## Frisch v. Frisch

*Daniel W. Shoemaker, Barbara Orsburn Stump,* for plaintiff.
*Donald H. Yost,* for defendant.

MILLER, *J.*, May 2, 1985—This matter is before the court on defendant's challenge to this court's subject matter jurisdiction in plaintiff's divorce action, raised by way of motion for sanctions as a result of defendant's refusal to answer interrogatories concerning equitable distribution and the answer to that motion.

Plaintiff, Carole Jean Frisch, and defendant, B. Robert Frisch, were married in Baton Rouge, Louisiana, on January 15, 1977. Plaintiff and defendant later moved to York County, Pa., where they established residence. In July 1981, the parties separated and plaintiff moved to Avon Park, Florida, where she established residence. On November 20, 1981, plaintiff filed a divorce action in this Commonwealth seeking dissolution of the marriage, distribution of the marital property, alimony, counsel fees, etc. . . . Disposition of preliminary matters delayed this court from issuing a final decree.* On August 23, 1983, the Third Circuit Court for Pinellas County, Florida, entered a final decree dissolving the marriage.

---

*Plaintiff thereafter instituted an action in divorce in the state of Florida.

Plaintiff now returns to this court for equitable distribution of the marital property, asserting that the doctrine of divisible divorce permits the court to resolve economic issues left unresolved by the Florida decree.

The divisible divorce doctrine was first recognized by our courts in Stambaugh v. Stambaugh, 458 Pa. 147, 329 A.2d 483 (1974). Under the divisible divorce doctrine, an ex parte divorce decree is given full faith and credit only on the issue of the dissolution of the marriage. The ex parte decree does not affect the economic issues such as alimony or support.

The new Divorce Code, Act of April 2, 1980, P.L. 63, no. 26; 23 P.S. §1101 et seq., incorporates the doctrine of divisible divorce in section 505.

"Whenever a person who was a resident of this Commonwealth at the time such person was a defendant or respondent in a foreign ex parte action for annulment or divorce petitions a court of this Commonwealth for alimony and establishes the need therefor, such court if it has jurisdiction over the person or property of the other party, may order that such alimony by paid in the same manner and under the same conditions and limitations which pertain when alimony is sought as provided in this chapter. In the event that the other party from whom such alimony is sought cannot be located within this Commonwealth, the court may attach such of the tangible or intangible property of said party as is within the jurisdiction of the court in the manner provided by the Rules of Civil Procedure, except that no exemption shall apply. Such property shall thereupon be subject to the payment of alimony in the same manner as provided by law in actions for nonsupport."

Thus, a spouse who is a resident of this Commonwealth and is also a defendant or respondent in a foreign ex parte action for divorce, may petition the courts of this Commonwealth for alimony. There is no provision in the code which permits a similar petition for equitable distribution.

Plaintiff in the present case asks this court, first, to permit an ex parte plaintiff to invoke the use of the doctrine, and second, to extend the doctrine to include claims for equitable distribution of marital property. We decline to do either.

We are faced with what appears to be a case of first impression within this Commonwealth. Accordingly, a discussion of the purpose of the divisible divorce doctrine and the intent of the legislature in enacting section 505 of the Divorce Code is in order.

The divisible divorce doctrine reached constitutional proportion in Estin v. Estin, 334 U.S. 541 (1948). In Estin, the husband moved to Nevada and obtained an ex parte divorce after the New York court had entered a support order in favor of the wife. The husband challenged the New York court's failure to give full faith and credit to the Nevada decree. The Supreme Court held that the Nevada decree was entitled to full faith and credit as far as it affected the marital status of the parties, but the decree could not terminate the wife's right to support under a previous decree in the state of matrimonial domicile. The court stated:

"In this case, New York evinced a concern with this broken marriage when both parties were domiciled in New York and before Nevada had any concern with it. New York was rightly concerned, lest the abandoned spouse be left impoverished and become a public charge." Id. at 547.

In Vanderbilt v. Vanderbilt, 354 U.S. 416 (1957), the Supreme Court held that regardless of whether a wife's right to support had been reduced to a judgment prior to the entry of a foreign ex parte divorce decree, such a decree could not preclude the wife from asserting her right to financial support in the state of matrimonial domicile.

Estin and Vanderbilt indicate that the purpose of the divisible divorce doctrine is to prevent the runaway spouse from prejudicing the financial interests of the abandoned spouse and from placing another welfare burden upon the matrimonial domicile.

Section 505 of the Divorce Code provides that a resident of this Commonwealth who is a defendant or respondent in a foreign ex parte divorce action, may petition the courts for alimony. Plaintiff, in the present case, is no longer a resident of Pennsylvania, is not a defendant or respondent in the action, and is not seeking alimony. Therefore, section 505 is not applicable to the facts of this case. Additionally, plaintiff is not an abandoned or impoverished spouse, such as was intended to be protected by the doctrine of divisible divorce. Plaintiff left the state apparently of her own volition and by her own actions surrendered her rights to equitable distribution.

Section 505 of the Divorce Code limits our jurisdiction to award alimony when a foreign ex parte divorce is involved. We are without the power to legislate and cannot create or extend our jurisdiction. If the legislature had intended the result which plaintiff seeks, the statute would so provide. In fact, other sections of the code indicate that equitable distribution can only be made in conjunction with a divorce proceeding within this Commonwealth.

"In a proceeding for divorce . . . the court shall, upon request . . . equitably divide . . . the marital property." 23 P.S. §401(d). Under section 401(j) of the Divorce Code, all property rights are terminated unless vested or the court provides otherwise in its decree. The Common Pleas Court of Centre County has stated:

"The right to equitable distribution is a right incidental to obtaining a divorce under the new Divorce Code. If the right to equitable distribution is denied at the time of the divorce it will be forever lost since it arises only by virtue of the marriage and exists as a marital right in property acquired during the marriage. Shirey v. Shirey, 23 D.&C.3d 440, 442 (1982). We support the position taken by the court in Shirey. This court is without jurisdiction to grant the relief plaintiff seeks, and we find that even if jurisdiction existed, plaintiff is without a basis for relief under the present Divorce Code.

Accordingly, we enter the following

### ORDER

And now, this May 21, 1985, the rule heretofore granted on plaintiff's second motion for sanctions is discharged and plaintiff's motion is refused. In accordance with the contents of the foregoing opinion, we further dismiss plaintiff's request for equitable distribution of the marital property of the parties.